IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 2010-cv-_____

MARITZA RAMOS AREVALO, CONSERVATOR OF, ASHLEY NOEMY MACHUCA RAMOS, A MINOR CHILD AND HEIR TO THE ESTATE OF NOEMY RAMOS JIMINEZ, AND CONSERVATOR OF CARLOS ALEXIS MACHUCA RAMOS, A MINOR CHILD AND HEIR TO THE ESTATE OF NOEMY RAMOS JIMINEZ,

Plaintiffs,

v.

SONRISE PILOT, LLC, A COLORADO LIMITED LIABILITY COMPANY, DAVID HAINAULT, JOHN DOES AND AN UNKNOWN PILOT ESCORT OPERATOR COMPANY,

Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiffs, by and through counsel, Garfield & Hecht, P.C., electing to proceed in this matter under C.R.S. §13-21-202 and desiring to name Maritza Ramos Arevalo as the representative Plaintiff, state the following for their Complaint against Defendants Sonrise Pilot, LLC, a Colorado limited liability company, David Hainault, John Does and an unknown pilot escort operator company (collectively "Defendants").

### I. PARTIES, JURISDICTION AND VENUE

1.  Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C. §1332(a)(1) in that the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of the United States and citizens of El Salvador.

2. Plaintiff Maritza Ramos Arevalo ("Maritza Ramos") is the Court-appointed Conservator for Carlos Alexis Machuca Ramos ("Carlos") and for Ashley Noemy Machuca Ramos ("Ashley") by virtue of Orders Appointing Conservator for Minor dated September 15, 2008, in Garfield County, Colorado, District Court, Case Number 2008 PR 81 and Case Number 2008 PR 82.

3. As the Court-appointed Conservator of Carlos and Ashley, Maritza Ramos is entitled to bring this action on their behalves pursuant to Rule 17, C.R.C.P.

4. Carlos and Ashley are individual minor children who are heirs to the estate of their deceased mother, Noemy Ramos Jiminez ("Noemy") who currently reside in the country of El Salvador.

5. Upon information and belief, Defendant David Hainault ("Defendant Hainault") is an individual currently residing in the State of Michigan.[1]

6. Upon information and belief, Defendant Sonrise Pilot, LLC ("Defendant Sonrise") is a Colorado limited liability company having its principle office located in Moffat County, Colorado.

7. Defendants John Does' identities and residences are currently unknown but, upon information and belief, they are husband and wife who were part of a team of pilot escort operators for semi-tractor trailers involved in the incident that gave rise to this cause of action (the "Incident"). Plaintiffs will amend the Complaint to identify these individuals and the

---

[1] Upon information and belief, Defendant Hainault resided in Moffat County, Colorado, at the time of the incident which gave rise to this cause of action.

company they may have been working for at the time of the Incident when that information becomes available.

## II. GENERAL ALLEGATIONS

8. In the early morning of January 8, 2008, at approximately 6:35 a.m. while it was still dark, Defendants were acting as pilot escort operators for semi-tractor trailers, both believed to be owned by Davidson Industries, one of which was driven by Mark Chamness (the "Tractor-Trailers"), carrying temporary office structures, and other possible equipment, to the Winter X Games being held near Aspen, Colorado.

9. Defendants pulled their respective Tractor-Trailers out of a private driveway on the north side of Colorado State Highway 82 at milepost 16 near Carbondale, Colorado. The first part of the Tractor-Trailer team, and it's escort operator, turned left on eastbound Highway 82 heading on its way to the Winter X Games location. While waiting to turn left on eastbound Highway 82, the second Tractor-Trailer, driven by driver Mark Chamness, blocked both westbound lanes of the Highway 82. The Tractor-Trailer did not display proper side lights and, being before sunrise, unlit objects were not discernible.

10. At that time, Noemy, the decedent and mother of Carlos and Ashley, was a passenger in a small car traveling westbound on State Highway 82 and collided into the side of the Tractor-Trailer. Noemy was killed instantly in the Incident.

11. At the time of the Incident, Defendants, acting as the pilot escort operators for driver Mark Chamness and the other Tractor-Trailer, caused the death of Noemy by committing

the following acts and omissions of negligence, carelessness and recklessness, including but not limited to:

    a.    Looking but failing to see what was clearly visible;

    b.    Escorting driver Mark Chamness and the Tractor-Trailers in a negligent, careless and reckless manner;

    c.    Failing to refrain from acting in a manner which caused or contributed to the death and injuries of others;

    d.    Unreasonably failing to exercise reasonable care to protect against dangers of which they actually knew or should have known;

    e.    Failing to comply with statutes, regulations, possible ordinances and principles of public duty.

    f.    Other acts of negligence, carelessness and recklessness currently unknown but to be proven at trial.

12.    The above-described acts and omissions constituted a breach of the ordinary care owed by the Defendants to the decedent Noemy Ramos and to Carlos and Ashley.

13.    The above-described acts and omissions constituted "negligence per se" in that they were in violation of Colorado statutes and regulations, and possible municipal ordinances, for the protection of persons or property.

14.    Carlos and Ashley and their deceased mother are individuals for whom the above-described statutes, regulations, ordinances and principles of public duty were established.

15. Defendants' acts and omissions of negligence and carelessness caused Carlos and Ashley to suffer and incur certain injuries, damages and losses, including but not limited to:

a. Economic losses, including, but not limited to, pecuniary and financial losses and funeral and burial expenses; and

b. Noneconomic damages, including, but not limited to, survivors' grief, loss of companionship, impairment of quality of life, inconvenience, pain and suffering, and emotional distress.

### III. FIRST CLAIM FOR RELIEF

(Negligence Against Defendants)

16. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

17. In performing their duties as pilot escort operators for driver Mark Chamness and the other Tractor-Trailer at the time of the Incident, Defendants owed a duty to third parties, including the decedent Noemy Ramos and Carlos and Ashley to exercise reasonable care to prevent harm to such third parties

18. Defendants breached their duty of care and engaged in multiple negligent, careless and reckless acts and omissions in performing their escort services including, but not limited to, all acts and omissions as described in paragraph 11, subjections a through f above.

19.     As a direct and proximate result of Defendants' multiple breaches of duty, and negligent, careless and reckless acts and omissions, Carlos and Ashley have suffered injuries, damages and losses including, but not limited to:

   a.    Economic losses, including, but not limited to, pecuniary and financial losses and funeral and burial expenses; and

   b.    Noneconomic damages, including, but not limited to, survivors' grief, loss of companionship, impairment of quality of life, inconvenience, pain and suffering, and emotional distress.

   c.    The amounts and said damages will be proven at trial.

## IV. SECOND CLAIM FOR RELIEF

(Negligence per se Against Defendants)

20.     Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

21.     In addition to constituting negligence, the above-described acts and omissions by Defendants constituted "negligence per se" in that they were in violation of Colorado statutes, regulations, and possible municipal ordinances, for the protection of persons or property, and were so palpably opposed to the dictates of common prudence that it can be said without hesitation or doubt that no careful person would have been guilty of them.

22.     Carlos and Ashley and their deceased mother are individuals for whom the above-described statutes, regulations, ordinances and principles of public duty were established.

23. As a direct and proximate result of Defendants' negligence per se, Carlos and Ashley have suffered injuries, damages and losses including, but not limited to:

    a. Economic losses, including, but not limited to, pecuniary and financial losses and funeral and burial expenses; and

    b. Noneconomic damages, including, but not limited to, survivors' grief, loss of companionship, impairment of quality of life, inconvenience, pain and suffering, and emotional distress.

    c. The amounts and said damages will be proven at trial.

## V. THIRD CLAIM FOR RELIEF

(Respondeat Superior Against Defendant Sonrise Pilot, LLC)

24. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

25. In performing his duties as pilot escort operator for driver Mark Chamness and the Tractor-Trailer at the time of the Incident, Defendant Hainault committed multiple breaches of duty, and negligent, careless and reckless acts and omissions, as well as negligence per se.

26. At the time of the Incident Defendant Hainault was the agent for Defendant Sonrise. Therefore, Defendant Sonrise was vicariously responsible for injuries, damages and losses suffered by Carlos and Ashley including, but not limited to:

    a. Economic losses, including, but not limited to, pecuniary and financial losses and funeral and burial expenses; and

  b. Noneconomic damages, including, but not limited to, survivors' grief, loss of companionship, impairment of quality of life, inconvenience, pain and suffering, and emotional distress.

  c. The amounts and said damages will be proven at trial.

## VI. FOURTH CLAIM FOR RELIEF

(Respondeat Superior Against Defendant an Unknown Pilot Escort Operator Company of Which John Does were Agents) ("John Does' Company")

27. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

28. In performing their duties as pilot escort operators for the other truck driver and Tractor-Trailer, at the time of the Incident, the as yet to be unidentified pilot escort operators committed multiple breaches of duty, and negligent, careless and reckless acts and omissions, as well as negligence per se.

29. At the time of the Incident the as yet to be unidentified pilot escort operators were agents for John Does' Company. Therefore, Defendant John Does' Company was vicariously responsible for injuries, damages and losses suffered by Carlos and Ashley including, but not limited to:

  a. Economic losses, including, but not limited to, pecuniary and financial losses and funeral and burial expenses; and

  b. Noneconomic damages, including, but not limited to, survivors' grief, loss of companionship, impairment of quality of life, inconvenience, pain and suffering, and emotional distress.

  c. The amounts and said damages will be proven at trial.

WHEREFORE, on her First, Second, Third and Fourth Claims for Relief, Plaintiff Maritza Ramos Arevalo, on behalf of Carlos and Ashley, demands judgment against all Defendants for economic and noneconomic damages in an amount to be proved at trial, plus prejudgment interest as provided by statute and calculated from January 8, 2008, the date that this action accrued, along with post judgment interest, costs, expert witness fees, attorney fees and such other and further relief as the Court may deem just and proper.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Date: January 4, 2010.

            s/David L. Lenyo
            David L. Lenyo, A.R. #14178
            Garfield & Hecht, P.C.
            601 East Hyman Avenue
            Aspen, Colorado 81611
            Telephone: (970) 925-1936
            Fax: (970) 925-3008
            E-mail: chagen@garfieldhecht.com
            ATTORNEYS FOR PLAINTIFF MARITZA RAMOS AREVALO AND THE MINOR CHILDREN CARLOS ALEXIS MACHUCA RAMOS AND ASHLEY NOEMY MACHUCA RAMOS

Plaintiffs' Address:
c/o Garfield & Hecht, P.C.
601 East Hyman Avenue
Aspen, Colorado 81611