IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  10-cv-00010-RPM

MARITZA RAMOS AREVALO, as court-appointed
conservator on behalf of minor children
A.N.M.R., and
C.A.M.R.,

       Plaintiffs,

v.

SONRISE PILOT, LLC, a Colorado limited liability company,
DAVID HAINAULT,

       Defendants.

## ORDER ON PENDING MOTIONS

       This wrongful death action arises out of a two-vehicle accident that occurred on January 8, 2008, on Highway 82 near Carbondale, Colorado.  An accident report prepared by Corporal D.C. Gibbons of the Colorado State Patrol states that the accident occurred at approximately 6:35 a.m., when a tractor-trailer exited a private driveway on the north side of Highway 82 and attempted to make a left turn onto eastbound Highway 82.  The tractor-trailer was unable to complete the turn due to oncoming eastbound traffic.  The tractor stopped in the median, with the trailer blocking both westbound lanes of Highway 82.  An automobile traveling west on Highway 82 collided with the front of the trailer.  The driver of that automobile and one of the

two passengers died from injuries sustained in the accident.  The other passenger was severely injured.

The tractor-trailer was owned by Davidson Industries, Inc. ("Davidson") and was being driven by Mark Chamness, a Davidson employee.  Pac-Van, Inc. ("Pac-Van") had hired Davidson to transport mobile offices to Aspen for use at the X-Games.  The tractor-trailer and its load constituted an oversize vehicle under Colorado law and was subject to rules and regulations promulgated by the Colorado Department of Transportation for the movement of extra-legal loads.  Pac-Van hired Sonrise Pilot, LLC ("Sonrise Pilot") to provide a pilot vehicle to escort the extra-legal load.  David Hainault ("Hainault"), an employee of Sonrise Pilot, was driving the pilot escort vehicle when the accident occurred.

Noemy Ramos Jiminez ("the decedent") died in the accident.  She was a citizen of El Salvador and the single mother of two minor children ("the Ramos children"), who reside in El Salvador and are citizens of that country.  In September 2008, Maritza Ramos Arevalo, a half-sister of the decedent, was appointed conservator for the Ramos children, by order of the District Court of Garfield County, Colorado.  Arevalo ("the Children's Conservator") is a dual citizen of El Salvador and the United States and has resided in Colorado for approximately 20 years.

In January 2010,  the Children's Conservator, acting as the representative of the Ramos children, commenced this action against Pac-Van, Sonrise Pilot, and Hainault.  Diversity of citizenship is alleged as the basis for federal jurisdiction.

The Ramos Plaintiffs' claims against Pac-Van were dismissed pursuant to stipulation on August 18, 2010.  The remaining claims are claims of negligence and negligence per se against Hainault and Sonrise Pilot and a claim of respondeat superior against Sonrise Pilot.

The Defendants moved pursuant to Fed.R.Civ.P. 37 to compel production of four categories of information and documents. The first category relates to the immigration status of the decedent and the Children's Conservator. Specifically, the Defendants seek more detailed information about when, how and where the decedent entered the United States. The Defendants also seek discovery of how the Children's Conservator entered the United States. The Defendants assert that during the deposition of the Children's Conservator she gave evasive answers to questions regarding these subjects and refused to answer some questions. The Defendants argue the information sought is relevant to the evaluation of subject matter jurisdiction. The Defendants question whether subject matter jurisdiction is proper but have not moved for dismissal on that ground.

Contrary to the Defendants' argument, the citizenship of Children's Conservator does not determine the Plaintiffs' citizenship in this action. 28 U.S.C. § 1332(c)(2) provides that for the purpose of determining diversity of citizenship, "the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." Although here the minor children are citizens of a foreign country, the same rule should apply. The appointment of a representative should not affect the access to federal court that the represented person would otherwise enjoy. For the purpose of determining whether there is complete diversity of citizenship, the Plaintiffs' citizenship is El Salvador because the Ramos children are citizens of that country.

The Plaintiffs have alleged that David Hainault was a citizen of Michigan when the action commenced; that Sonrise Pilot, LLC is a citizen of Colorado, and that Pac-Van, Inc. is a citizen of Indiana. Those allegations are not contested. Complete diversity exists and existed

when the action was filed. Evidence of how the Children's Conservator entered the United States is not relevant.

The immigration status of the decedent is relevant to the Ramos Plaintiffs' claim for damages. *See Silva v. Wilcox*, 223 P.3d 127 (Colo. Ct. App. 2009) (holding that "[t]o the extent that a defendant is able to establish that a plaintiff immigrant is not authorized to be in the United States and has secured employment by violating the law or is in violation of the law in some other particular fashion related to such employment, so that the plaintiff is unlikely to remain in this country throughout the period of claimed lost future income, . . . the jury should be provided that information in determining whether to award damages for lost future wages.")

There is no dispute that the decedent was a citizen of El Salvador at the time of her death. The Plaintiffs have acknowledged that she was present in the United States illegally and was an undocumented worker. The Defendants have not shown the need for more detailed information regarding the circumstances of the decedent's entry into the United States.

The Defendants seek to compel production of the Plaintiffs' settlement agreement with Pac-Van, which contains a confidentiality provision. The Ramos Plaintiffs' response states they have no objection to the entry of an order authorizing release of that agreement. (Pls.' Resp. at 14.)

The Defendants have withdrawn their request for an order compelling the production of tax information and documentation. (Defs.' reply at 2.)

The Defendants seek an order compelling production of communications between the Plaintiffs' counsel and Plaintiffs' experts. In particular, the Defendants seek production of the Plaintiffs' communications with Mr. Jeff Joseph, an immigration attorney. The Plaintiffs

identified Mr. Joseph as a testifying expert and provided his expert report. (Ex. 4 to Pls.' resp. br.) In that report, Mr. Joseph opines that the decedent would have been eligible for asylum if she had applied because she was fleeing a situation of severe domestic violence. Mr. Joseph opines that if the decedent had been granted asylum, she would have been permitted to remain in the U.S. permanently and could have obtained a work permit pursuant to her asylum status, and would have been eligible to file for permanent resident status after one year. Mr. Joseph's report states that his conversations with members of the decedent's family provided the basis for his opinion that the decedent would have had a strong case for asylum.

The Defendants assert that the Plaintiffs have not fully disclosed the factual bases for Mr. Joseph's opinion. They seek an order compelling production of information purportedly withheld and communications between Mr. Joseph and the Plaintiffs' counsel. The Defendants also moved pursuant to Rule 37(c) for an order striking Mr. Joseph's testimony, arguing the Plaintiffs violated the expert discovery requirements of Rule 26.

The opinion stated in Mr. Joseph's report is not admissible because it is based on speculation. The decedent had not applied for asylum. The motion to strike is granted.

The Defendants moved pursuant to Rule 56 for summary judgment of dismissal, arguing that the Plaintiffs' claims fail as a matter of law. The Defendants contend that undisputed facts establish that Hainault did not breach any duties owed to highway users and did not cause the accident.

Contrary to the Defendants' arguments, determinations of whether Hainault was negligent in the performance of pilot escort duties and whether the alleged negligence was a cause of the accident involve factual disputes that must be determined at trial.

Based on the foregoing, it is

ORDERED that the Defendants' motion to compel (#55) is granted in part. The Plaintiffs shall produce the Pac-Van settlement agreement to Defendants' counsel who shall respect the confidentiality of it. The motion is denied with respect to the Defendants' requests for information about how Maritza Ramos Arevalo entered the United States and for additional information about the circumstances of Noemy Ramos Jiminez' entry into the United States. It is

FURTHER ORDERED that Defendants' motion to strike the testimony of Jeff Joseph (#55) is granted, and it is

FURTHER ORDERED that the Defendants' motion for summary judgment (#56) is denied.

Dated:  September 29, 2011

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge